IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 24, 2003

## STATE OF TENNESSEE v. AARON BLAKE FRANZ

**Direct Appeal from the Circuit Court for Rutherford County
No. F-42805     J.S. Daniel, Judge**

_____

**No. M2002-01855-CCA-R3-CD - Filed September 25, 2003**

_____

After several opportunities to comply with the conditions of his probation, the trial court ordered the appellant, Aaron Blake Franz, to serve thirty months in confinement, the original sentence imposed for the appellant's burglary conviction. On appeal, the appellant argues that the trial court was without jurisdiction to revoke his probation because the revocation warrant was filed after the first extension of the probationary period expired. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Tony L. Maples, Murfreesboro, Tennessee, for the appellant, Aaron Blake Franz.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Tom Jackson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

On October 27, 1997, the appellant pled guilty in the Rutherford County Circuit Court to burglary. The trial court granted the appellant judicial diversion and placed him on probation for thirty months. On July 27, 1998, the appellant's judicial diversion was terminated because he failed to comply with the conditions of his probation. The trial court entered a judgment of conviction on the burglary charge and sentenced the appellant to thirty months incarceration in the Tennessee Department of Correction. The trial court suspended the appellant's sentence and ordered him to serve his thirty-month sentence on probation. On August 2, 1999, the trial court revoked the appellant's probation because the appellant had failed to report to his probation officer and had been

arrested and convicted for possession of marijuana. Upon the revocation, the trial court reimposed the original sentence and ordered the appellant placed on probation after serving sixty days in confinement. On August 25, 2000, the trial court again entered an order revoking the appellant's probation due to his failure to report to his probation officer. The trial court placed the appellant back on probation for thirty months and ordered the appellant to serve 120 days in confinement. This order provided that upon further violation of probation the appellant would be required to serve his sentence in confinement.[1] On September 12, 2000, the trial court entered an order stating that the August 25, 2000, revocation order "should have reflected [the appellant] would be on Community Correction in Lincoln County."

On June 25, 2002, the trial court held a hearing on a subsequent allegation that the appellant had violated his probation. The appellant's probation officer, Faith Dudley, testified that the appellant had failed to report since April 5, 2001, and had failed to complete his required community service. The appellant conceded that he had moved without telling his probation officer and had stopped reporting. He stated that he had moved in order to be closer to his new job. At the conclusion of the hearing, the trial court revoked the appellant's probation and ordered that he "shall serve the sentence as originally ordered being thirty (30) months, Range 1, 30%, due to repeated failure to comply with the terms and conditions of probations." On appeal, the appellant contests the trial court's authority to revoke his probation.

## II. Analysis

Judicial diversion may be granted if a defendant, like the appellant, pleads guilty to a Class D felony and has not been previously convicted of a felony or a Class A misdemeanor. See Tenn. Code Ann. § 40-35-313(a)(1)(A) (1997); Tenn. Code Ann. § 40-35-313(a) and (B)(i) (Supp. 2002). Furthermore, if the defendant violates a condition of probation while on judicial diversion, the court may enter an adjudication of guilt and proceed with sentencing. See Tenn. Code Ann. § 40-35-313(a)(2) (1997 and Supp. 2002); see also State v. Johnson, 15 S.W.3d 515, 517 (Tenn. Crim. App. 1999). The trial court did not enter a judgment of guilt until the appellant violated the probationary term associated with his judicial diversion. Thus, the appellant's original sentence of thirty months was imposed on July 27, 1998, which sentence was suspended.

Upon finding by a preponderance of the evidence that a defendant has violated the terms of his probation, the trial court is authorized to order the defendant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(d) (1997); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In the alternative, "at the conclusion of a probation revocation hearing, the court shall have the authority to extend the defendant's period of probation supervision for any period not in excess of two (2) years." Tenn. Code Ann. § 40-35-308(c) (1997 and Supp.

---

[1] The appellant placed his signature on a handwritten notation in the margin of the August 25, 2000, order, acknowledging that upon further violation of his probation he would be required to serve his original sentence in confinement.

2002); see also State v. Hunter, 1 S.W.3d 643, 646 (Tenn. 1999). In short, the trial court may either impose the original sentence or extend the probationary period by up to two years; it may not do both. Hunter, 1 S.W.3d at 647.

Moreover, if a defendant successfully completes a probationary sentence, the trial court has no authority to revoke probation and order the service of the original sentence. Id. at 646. However, the trial court does have the authority to revoke a defendant's probation and order service of the original sentence if the defendant fails to complete an entire probationary term prior to the violation. Id. To this end, we note that probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. See State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

In his brief, the

> [a]ppellant urges that this court should consider the record in this matter and hold that the [t]rial court was without jurisdiction to repeatedly extend the [a]ppellant's probation. Appellant asserts that the statute allowing the extension of a probationary period only contemplates one such extension in time for a period not to extend two years. In this case the probation was extended after the first violation warrant. That probationary period would have expired in February 26, 2001, thirty months after July 27, 1998 [the date of the entry of the judgment of conviction].

Our supreme court addressed this concern in Hunter, 1 S.W.3d at 646-47. The court noted that

> [t]he appellant contends that section 40-35-308(c) was designed to prevent trial courts from repeatedly revoking and reinstating a defendant's original probation. We disagree. Nothing in the text of section 40-35-308(c) prohibits a trial court from causing execution of a defendant's original sentence. Had the legislature intended for the statute to limit a trial court's authority in probation revocation proceedings, it could have so provided in the text of the statute. It did not. Furthermore, the appellant's interpretation of section 40-35-308(c) overlooks the language in sections 40-35-310 and 40-35-311 stating that upon revocation a trial court has the authority to impose a defendant's original sentence.

Id. at 647.

In the instant case, the trial court first revoked the appellant's probation on August 2, 1999, approximately one year after the entry of the judgment of conviction and the imposition of the original sentence. Thus, it is clear that the appellant did not complete that probationary term prior to the revocation. Upon the revocation, the trial court reimposed the original sentence of thirty months, again granting the appellant the largess of probation and ordering the appellant to serve sixty days in confinement. Subsequently, the appellant again violated the conditions of his probation prior to completing the thirty-month probationary term. On August 25, 2000, the trial court revoked the appellant's probation, instituted the original sentence of thirty months, and allowed the appellant to serve his sentence on probation after the service of 120 days incarceration. The trial court warned the appellant that if he violated probation again, the court would order him to serve the original sentence. Finally, on June 25, 2002, prior to the completion of the thirty-month probationary sentence, the trial court again revoked the appellant's probation for failure to report and failure to complete community service. The trial court, as it was authorized to do under Tennessee Code Annotated sections 40-35-310 and -311, ordered the appellant serve his original sentence of thirty months incarceration in the Tennessee Department of Correction. Accordingly, the appellant has failed to prove any error on the part of the trial court.

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE